FILED BY _____ D.C.

MAR 0 2 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-CR-80045-RKA(s)(s)(s)(s)

**18 U.S.C. § 371**
**18 U.S.C. § 554(a)**
**18 U.S.C. § 922(a)(6)**
**18 U.S.C. § 922(g)(1)**
**21 U.S.C. § 846**
**21 U.S.C. § 841(a)(1)**

**UNITED STATES OF AMERICA**

**v.**

**MACKENZIE DELMAS,**
  a/k/a "Mac,"
**ENZA ESPOSITO**
and **SHALENA MARY HAYNES,**

  Defendants.
_____/

## FOURTH SUPERSEDING INDICTMENT

The Grand Jury charges that:

## General Allegations

At all times relevant to this Fourth Superseding Indictment:

1.      The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") was an agency of the United States Department of Justice responsible for enforcing and administering federal firearms laws and regulations.

2.      Pursuant to Title 18, United States Code, Sections 922(a)(1)(A) and 923, no person shall engage in the business of dealing in firearms without first receiving a license to do so by the Attorney General.

3.      A "licensed dealer," also known as a federal firearm licensee ("FFL"), as defined by Title 18, United States Code, Section 921(a)(11), means any person who is licensed under Chapter 44, United States Code, as a dealer and includes any person engaged in the business of selling firearms

at wholesale or retail; any person engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms, and any person who is a pawnbroker. Pursuant to Title 18, United States Code, Section 923, an FFL must maintain a place of business subject to inspection; complete and maintain records concerning the receipt, sale, and disposition of firearms; require customers to complete an ATF Form 4473 whenever a firearm is transferred; report multiple sales of two or more handguns to the same transferee/buyer; and conduct a background check and obtain approval of the sale through the National Instant Criminal Background Check System ("NICS").

4.      An ATF Form 4473 is designed so that an FFL may determine if he or she can lawfully sell and deliver a firearm to the person completing the form as the transferee/buyer. An ATF Form 4473 is also designed to alert the transferee/buyer of certain restrictions on the receipt and possession of firearms. The ATF Form 4473 documents the serial number, type of firearm sold, the transferee/buyer, and whether the transferee/buyer is eligible to possess and buy a firearm. Eligibility to purchase a firearm is determined by the answers to a series of questions, that cover a list of disqualifying factors under federal law, including, whether the transferee/buyer is the actual buyer, a convicted felon, has a history of drug abuse or mental incapacity, and whether the transferee/buyer has legal status to be in the United States. The transferee/buyer must personally complete the ATF Form 4473 and certify by signature that the answers are true, correct, and complete.

5.      An ATF Form 4473 includes a warning that a person is not the actual transferee/buyer of a firearm if the person is acquiring the firearm on behalf of another person. If the person is not the actual transferee/buyer, the FFL cannot transfer the firearm. The form warns that a transferee/buyer who falsely verifies that he or she is the actual buyer of the firearm, commits a crime punishable as a felony under federal law, pursuant to Title 18, United States Code, Sections 922(a)(6), as the true

2

identity of the actual buyer of the firearm is material to the lawfulness of the sale. Additionally, the form warns that the State or Commerce Departments may require a transferee/buyer to obtain a license prior to exporting a firearm and any person who exports a firearm without proper authorization may be imprisoned in accordance with Title 22, United States Code, Section 2778(c).

6.      In furtherance of the national security and foreign policy interests of the United States, the United States regulates and restricts the export of arms, munitions, implements of war, and defense articles pursuant to the Arms Export Control Act (the "AECA"), codified at Title 22, United States Code, Section 2778.

7.      The principal purpose of the AECA is to provide accurate and truthful information to the United States to allow departments of the United States government to monitor and control the distribution, exportation, and delivery of defense articles.

8.      The regulations that govern such exports are the International Traffic in Arms Regulations (the "ITAR"), codified at Title 22, Code of Federal Regulations, Sections 120-130. Included in the ITAR was a list of defense articles and defense services that were subject to control under the ITAR. This list, found in Title 22, Code for Federal Regulations, Section 121.1, is called the United States Munitions List.

9.      Pursuant to the AECA and the ITAR, no defense articles or defense services may be exported or otherwise transferred from the United States to another country without a license from the United States Department of State, Directorate of Defense Trade Controls. The ITAR also prohibited re-exports, transfers, transshipments, and diversions from foreign countries of previously exported defense articles or services without State Department authorization.

10.     Non-automatic and semiautomatic firearms up to caliber .50 inclusive (including rifles, carbines, pistols, silencers, and revolvers not over .50 caliber), as well as ammunition for such

firearms are recognized as defense articles under the United States Munitions List, Title 22, Code of

Federal Regulations, Section 121.1, Category I, Subparts (a) and (j)(1).

11.     The defendants, **MACKENZIE DELMAS,** a/k/a "Mac," **ENZA ESPOSITO**, and

**SHALENA MARY HAYNES**, did not possess or obtain the necessary licenses to be an FFL and to

export from the United States non-automatic and semiautomatic firearms to caliber .50 inclusive and

ammunition.

**COUNT 1**
**Conspiracy to Commit Offenses against the United States**
**(18 U.S.C. § 371)**

1.     The allegations set forth in paragraphs 1 through 11 of the General Allegations section

of this Fourth Superseding Indictment are re-alleged and incorporated by reference as if fully set forth

herein.

2.     Beginning in or around January 2018, and continuing through on or about February

27, 2019, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**MACKENZIE DELMAS,**
a/k/a "Mac,"
**ENZA ESPOSITO,**
**SHALENA MARY HAYNES,**

Naomi Natal Haynes, Kourtney Nicholas Noel, William James Daly, and Alexander Albert, Jr., did

knowingly and willfully combine, conspire, confederate, and agree with each other, and with others

known and unknown to the Grand Jury, to commit certain offenses against the United States, that is:

(a) to knowingly make false and fictitious written statements in connection with the

acquisition of firearms from licensed firearms dealers, which statements were intended

and likely to deceive the licensed firearms dealers as to a fact material to the lawfulness

of the sale and other disposition of such firearms, in violation of Title 18, United States

4

Code, Section 922(a)(6);

(b) to fraudulently and knowingly export and send from the United States to a place outside thereof, that is, Canada, any merchandise, article, and object, that is, firearms, and did conceal and facilitate the transportation and concealment of such merchandise, article, and object prior to exportation, knowing the same to be intended for exportation, contrary to any law and regulation of the United States, that is, Title 22, United States Code, Section 2778, and Title 22, Code of Federal Regulations, Section 121.1, in violation of Title 18, United States Code, Section 554(a).

## Object and Purpose of the Conspiracy

It was the object and purpose of the conspiracy for the defendants, and others known and unknown to the Grand Jury, to unlawfully enrich themselves by purchasing firearms individually, and by means of false and fictitious statements, to conceal firearms in vehicles, and to export firearms from the United States, without obtaining a license to deal in firearms and a license to export firearms from the government of the United States as required by law.

## Manner and Means of the Conspiracy

The manner and means by which the defendants, and others known and unknown to the Grand Jury, sought to accomplish the purpose and object of the conspiracy, included, among other things, the following:

1.      Naomi Natal Haynes purchased firearms from licensed firearm dealers in the United States.

2.      Naomi Natal Haynes**, MACKENZIE DELMAS,** a/k/a "Mac," and **SHALENA MARY HAYNES**, obtained firearms from licensed firearm dealers through straw purchasers, and others, in the United States.

5

3.      Kourtney Nicholas Noel, William James Daly, Alexander Albert, Jr., and others known and unknown to the Grand Jury, acted as straw purchasers and made material false statements to licensed firearms dealers to obtain firearms in the United States.

4.      Naomi Natal Haynes, **MACKENZIE DELMAS**, a/k/a "Mac," **SHALENA MARY HAYNES**, and others known and unknown to the Grand Jury, caused firearms to be transported in vehicles from Florida to New York.

5.      Naomi Natal Haynes, **ENZA ESPOSITO**, and others unknown to the Grand Jury, caused firearms to be concealed and transported in vehicles into Canada without an export license.

## Overt Acts

In furtherance of the conspiracy, and to effect the object and purpose thereof, at least one of the co-conspirators committed at least one of the following overt acts, among others, in the Southern District of Florida and elsewhere:

1.      On or about January 29, 2018, Naomi Natal Haynes made a material false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, to South Florida Shooting Supply, Inc., a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

2.      On or about February 8, 2018, Naomi Natal Haynes took possession of approximately five (5) firearms (two (2) Ruger, Model LCP handguns, two (2) Smith and Wesson, Model M&P handguns, and one (1) Israel Weapon Industries, Model Baby Eagle handgun) from South Florida Shooting Supply, Inc., in Palm Beach County, in the Southern District of Florida.

3.      On or about February 19, 2018, Naomi Natal Haynes made a material false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, to Project Guns, LLC, a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

4.      On or about February 22, 2018, Naomi Natal Haynes made a material false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, to Shooters of Jacksonville, Inc., a federally licensed firearms dealer, in Duval County, in the Middle District of Florida.

5.      On or about February 23, 2018, Naomi Natal Haynes took possession of approximately ten (10) firearms (five (5) Taurus, Model PT-111 handguns and five (5) German Sport Guns, Model Firefly handguns) from Project Guns, LLC, in Palm Beach County, in the Southern District of Florida.

6.      On or about February 28, 2018, Naomi Natal Haynes took possession of approximately five (5) firearms (five (5) Hi-Point handguns) from Shooters of Jacksonville, Inc., in Duval County, in the Middle District of Florida.

7.      Beginning on or about February 28, 2018, and continuing until on or about March 1, 2018, Naomi Natal Haynes transported firearms from the Southern District of Florida to New York.

8.      On or about March 1, 2018, **ENZA ESPOSITO** transported firearms into Canada from New York.

9.      On or about June 22, 2018, **MACKENZIE DELMAS,** a/k/a "Mac," obtained a photograph of a Florida Driver's License belonging to another person, that is, J.M., and provided the photograph to William James Daly in connection with the transfer of firearms.

10.     In or around June 2018, the exact date being unknown to the Grand Jury, **MACKENZIE DELMAS,** a/k/a "Mac," took possession of three (3) firearms (one (1) Tokarev, Model TT handgun, one (1) Llama, Model 380 handgun and one (1) Makarov, Model MAK handgun) from William James Daly, in the Southern District of Florida.

11.     On or about June 26, 2018, **MACKENZIE DELMAS,** a/k/a "Mac," took possession of a firearm (one (1) Glock handgun) from William James Daly, in the Southern District of Florida.

12.     On or about June 28, 2018, **MACKENZIE DELMAS,** a/k/a "Mac," took possession

of two (2) firearms (one (1) Sig Sauer, Model P320 handgun and one (1) Sig Sauer, Model P938 handgun) from William James Daly, in exchange for money and cocaine, in the Southern District of Florida.

13.     On or about July 1, 2018, William James Daly made a material false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, to Shoot Straight, a federally licensed firearms dealer in Broward County, in the Southern District of Florida.

14.     In or around July 2018, the exact date being unknown to the Grand Jury, **MACKENZIE DELMAS,** a/k/a "Mac," took possession of six (6) firearms (six (6) Smith and Wesson, M&P handguns) from William James Daly, in the Southern District of Florida.

15.     On or about July 3, 2018, **SHALENA MARY HAYNES** conducted a mobile banking transaction in which she electronically transferred $400.00 to William James Daly.

16.     On or about July 18, 2018, William James Daly made a material false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, to A-Z Guns and Pawn, a federally licensed firearms dealer in Broward County, in the Southern District of Florida.

17.     On or about July 18, 2018, **MACKENZIE DELMAS,** a/k/a "Mac," took possession of two (2) firearms (two (2) Taurus, Model G2C handguns) from William James Daly, in Broward County and within the Southern District of Florida.

18.     On or about July 18, 2018, William James Daly made a material false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, to Shoot Straight, a federally licensed firearms dealer in Palm Beach County, in the Southern District of Florida.

19.     On or about July 18, 2018, **MACKENZIE DELMAS,** a/k/a "Mac," took possession of two (2) firearms (two (2) Taurus, Model G2C handguns) from William James Daly, in Palm Beach County and within the Southern District of Florida.

20.     On or about July 22, 2018, William James Daly made a material false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, to MJS Guns, LLC, a federally licensed firearms dealer in Broward County, in the Southern District of Florida.

21.     On or about July 22, 2018, **MACKENZIE DELMAS,** a/k/a "Mac," took possession of two (2) firearms (one Taurus, Model G2C handgun and one Ruger, Model EC9S handgun) from William James Daly, in the Southern District of Florida.

22.     On or about July 22, 2018, Alexander Albert, Jr., made a material false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, to Concealment Holsters & Firearms, Inc., a federally licensed firearms dealer in Broward County, in the Southern District of Florida.

23.     On or about July 22, 2018, **MACKENZIE DELMAS,** a/k/a "Mac," took possession of two (2) firearms (one (1) Taurus, Model G2C handgun and one (1) Ruger, Model EC9S handgun) from Alexander Albert, Jr., in the Southern District of Florida.

24.     On or about July 22, 2018, **MACKENZIE DELMAS,** a/k/a "Mac," and William James Daly aided, abetted, counseled, commanded, induced, and caused another person, that is, S.M.H., to make a material false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, to Concealment Holsters & Firearms, Inc., a federally licensed firearms dealer, in Broward County, in the Southern District of Florida.

25.     On or about July 31, 2018, **MACKENZIE DELMAS,** a/k/a "Mac," took possession of two (2) firearms (one (1) Taurus, Model G2C handgun and one (1) Ruger, Model EC9S handgun) from William James Daly, which had been purchased by S.M.H., in Palm Beach County and within the Southern District of Florida.

26.     Beginning on or about August 3, 2018, and continuing until on or about August 4,

2018, Naomi Natal Haynes transported firearms from the Southern District of Florida to New York.

27.     On or about August 4, 2018, **ENZA ESPOSITO** transported firearms into Canada from New York.

28.     Between in or around August 2018 and in or around September 2018, the exact date being unknown to the Grand Jury, **MACKENZIE DELMAS,** a/k/a "Mac," obtained three (3) firearms (one (1) Glock handgun, one (1) Sig Sauer handgun and one (1) .45 ACP caliber silencer) from Jeremy Juwan Rosello, in the Southern District of Florida.

29.     On or about August 25, 2018, Naomi Natal Haynes purchased one (1) firearm (one (1) Sig Sauer, Model P320 handgun) from R.A., in the Southern District of Florida.

30.     On or about September 8, 2018, Alexander Albert, Jr., made a material false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, to Concealment Holsters & Firearms, Inc., a federally licensed firearms dealer in Palm Beach County, in the Southern District of Florida.

31.     On or about September 8, 2018, Alexander Albert, Jr., made a material false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, to Gun Country, a federally licensed firearms dealer in Palm Beach County, in the Southern District of Florida.

32.     In or around September 2018, the exact date being unknown to the Grand Jury, **MACKENZIE DELMAS,** a/k/a "Mac," took possession of four (4) firearms (four (4) Smith and Wesson, Model SD40VE handguns) from Alexander Albert, Jr., Palm Beach County and in the Southern District of Florida.

33.     On or about September 8, 2018, Kourtney Nicholas Noel made a material false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, to Concealment Holsters & Firearms, Inc., a federally licensed firearms dealer, in Palm Beach County, in the Southern

District of Florida.

34.     On or about September 15, 2018, **MACKENZIE DELMAS,** a/k/a "Mac," took possession of two (2) firearms (two (2) Glock handguns) from Kourtney Nicholas Noel, in the Southern District of Florida.

35.     Beginning on or about September 21, 2018, and continuing through on or about September 22, 2018, Naomi Natal Haynes transported firearms from the Southern District of Florida to New York.

36.     On or about September 22, 2018, **ENZA ESPOSITO** entered Canada from New York in an automobile that contained a hidden compartment with approximately twenty (20) firearms, including;

     i.     One (1) FN, Model P40, .40 caliber handgun,

     ii.     One (1) Gemtech Blackside .45 ACP silencer,

     iii.     One (1) Glock, Model 17, 9 millimeter handgun,

     iv.     One (1) Glock, Model 19, 9 millimeter handgun,

     v.     One (1) Glock, Model 30, .45 ACP caliber handgun,

     vi.     Two (2) Glock, Model 42, .380 ACP caliber handguns,

     vii.     One (1) Glock, Model 43, 9 millimeter handgun,

     viii.     One (1) Smith and Wesson, Model Air Weight, .38 Special caliber handgun,

     ix.     One (1) Smith and Wesson, Model SD9, 9 millimeter handgun,

     x.     One (1) Smith and Wesson, Model SD9VE, 9 millimeter handgun,

     xi.     One (1) Smith and Wesson, Model SD40, .40 caliber handgun,

     xii.     Three (3) Smith and Wesson, Model SD40VE, .40 caliber handguns,

     xiii.     One (1) Sig Sauer, Model P220 Elite, .45 ACP caliber handgun,

    xiv.     One (1) Sig Sauer, Model P238, .380 ACP caliber handgun,

    xv.     One (1) Sig Sauer, Model P320, 9 millimeter handgun,

    xvi.     One (1) Taurus, Model G2C, 9 millimeter handgun, and

    xvii.     One (1) Taurus, Model PT145 Pro, .45 ACP caliber handgun.

37.     On or about February 7, 2019, **MACKENZIE DELMAS,** a/k/a "Mac," and **SHALENA MARY HAYNES** aided, abetted counseled, commanded, induced, and caused William James Daly, to make a material false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, to Shoot Straight, a federally licensed firearms dealer, in Broward County, in the Southern District of Florida.

38.     On or about February 27, 2019, **MACKENZIE DELMAS,** a/k/a "Mac," and **SHALENA MARY HAYNES**, took possession of two (2) firearms (one (1) Glock handgun and one (1) Springfield Armory, Model XD, handgun) from William James Daly, in Palm Beach County, in the Southern District of Florida.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Smuggling Goods from the United States
### (18 U.S.C. § 554(a))

1.     The allegations set forth in paragraphs 1 through 11 of the General Allegations section of this Fourth Superseding Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.     On or about September 8, 2018, and continuing through on or about September 22, 2018, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**MACKENZIE DELMAS,**
a/k/a "Mac,"
**ENZA ESPOSITO,**
and
12

## SHALENA MARY HAYNES,

did fraudulently and knowingly export and send, and attempt to export and send, from the United States, any merchandise, article, and object, that is, a firearm, to Canada, and did receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment and sale of such merchandise, article and object, that is, a firearm, prior to exportation, knowing the same to be intended for exportation, contrary to any law and regulation of the United States, that is, Title 22, United States Code, Section 2778, and Title 22, Code of Federal Regulations, Section 121.1; in violation of Title 18, United States Code, Sections 554(a) and 2.

It is further alleged that the firearm involved in the offense included at least one of the following:

      i.    one (1) FN, Model P40, .40 caliber handgun,

      ii.    one (1) Gemtech Blackside .45 ACP silencer,

      iii.    one (1) Glock, Model 17, 9 millimeter handgun,

      iv.    one (1) Glock, Model 19, 9 millimeter handgun,

      v.    one (1) Glock, Model 30, .45 ACP caliber handgun,

      vi.    two (2) Glock, Model 42, .380 ACP caliber handguns,

      vii.    one (1) Glock, Model 43, 9 millimeter handgun,

      viii.    one (1) Smith and Wesson, Model Air Weight, .38 Special caliber handgun,

      ix.    one (1) Smith and Wesson, Model SD9, 9 millimeter handgun,

      x.    one (1) Smith and Wesson, Model SD9VE, 9 millimeter handgun,

      xi.    one (1) Smith and Wesson, Model SD40, .40 caliber handgun,

      xii.    three (3) Smith and Wesson, Model SD40VE, .40 caliber handguns,

      xiii.    one (1) Sig Sauer, Model P220 Elite, .45 ACP caliber handgun,

xiv.    one (1) Sig Sauer, Model P238, .380 ACP caliber handgun,

xv.     one (1) Sig Sauer, Model P320, 9 millimeter handgun,

xvi.    one (1) Taurus, Model G2C, 9 millimeter handgun, and

xvii.   one (1) Taurus, Model PT145 Pro, .45 ACP caliber handgun.

**COUNTS 3 -6**
**Material False Statement to Firearms Dealer**
**(18 U.S.C. §§ 922(a)(6))**

1.      The allegations set forth in paragraphs 1 through 11 of the General Allegations section of this Fourth Superseding Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.      On or about the dates specified in each count below, in Palm Beach and Broward Counties, within the Southern District of Florida, the defendant,

**MACKENZIE DELMAS,**
a/k/a "Mac,"

in connection with the acquisition of firearms from a licensed firearms dealer, did knowingly make a false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale and other disposition of such firearms, in that, William James Daly, represented in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that he was the actual transferee/buyer of the firearms, when in truth and in fact, and as the defendant then and there well knew, William James Daly was acquiring the firearms on behalf of the defendant **MACKENZIE DELMAS**, a/k/a "Mac," as specified in each count below:

| Count | Date | Firearms | Licensed Firearms Dealer |
|-------|------|----------|--------------------------|
| 3 | July 1, 2018 | Six (6) Smith and Wesson, Model M&P, .40 caliber handguns, with serial numbers DSZ8978, DTC5948, MRJ2287, DVD6993, MRJ2867 and DSZ8987 | Shoot Straight, in Broward County, Florida |
| 4 | July 18, 2018 | Two (2) Taurus, Model G2C, 9 millimeter handguns, with serial numbers TLO62624 and TLO79935 | A-Z Guns and Pawn, in Broward County, Florida |
| 5 | July 18, 2018 | Two (2) Taurus, Model G2C, 9 millimeter handguns, with serial numbers TLR64490 and TLR54952 | Shoot Straight, in Palm Beach County, Florida |
| 6 | July 22, 2018 | One (1) Taurus, Model G2C, 9 millimeter handgun, with serial number TLO59987 and one (1) Ruger, Model EC9S, 9 millimeter handgun, with serial number 454-69753 | MJS Guns, LLC, in Broward County, Florida |

In violation of Title 18, United States Code, Sections 922(a)(6) and 2.

**COUNTS 7 - 9**
**Material False Statement to Firearm Dealer**
**(18 U.S.C. §§ 922(a)(6))**

1.      The allegations set forth in paragraphs 1 through 11 of the General Allegations section of this Fourth Superseding Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.      On or about the dates specified in each count below, in Palm Beach and Broward County, within the Southern District of Florida, the defendant,

**MACKENZIE DELMAS,**
a/k/a "Mac,"

in connection with the acquisition of firearms from a licensed firearms dealer, did knowingly make a false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale and other disposition of such firearms, in that, Alexander Albert, Jr., represented in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that he was the actual transferee/buyer of the firearms, when in truth and in fact, and as the defendant then and there well knew, Alexander Albert, Jr., was acquiring the firearms on behalf of the defendant **MACKENZIE DELMAS,** a/k/a "Mac" as specified in each count below:

| Count | Date | Firearms | Licensed Firearms Dealer |
|-------|------|----------|--------------------------|
| 7 | July 22, 2018 | One (1) Taurus, Model G2C, 9 millimeter handgun, with serial number TLP46189, one (1) Ruger, Model EC9S, 9 millimeter handgun, with serial number 454-53037 and one (1) Taurus, Model PT709 Slim, 9 millimeter handgun with serial number TLM80303 | Concealment Holsters & Firearms, Inc., in Broward County, Florida |
| 8 | September 8, 2018 | One (1) Smith and Wesson, Model SD40VE, .40 caliber handgun with serial number FZX4728 and one (1) Smith and Wesson, Model SD9VE, 9 millimeter handgun with serial number FZU6442 | Gun Country, in Palm Beach County, Florida |

| Count | Date | Firearms | Licensed Firearms Dealer |
|-------|------|----------|--------------------------|
| 9 | September 8, 2018 | One Smith and Wesson, Model SD40VE, .40 caliber handgun with serial number FZZ5842 and one (1) Smith and Wesson, Model SD9VE, 9 millimeter handgun with serial number FZY1013 | Concealment Holsters & Firearms, Inc., in Palm Beach County, Florida |

## COUNT 10
### Material False Statement to Firearms Dealer
### (18 U.S.C. § 922(a)(6))

1.       The allegations set forth in paragraphs 1 through 11 of the General Allegations section of this Fourth Superseding Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.       On or about July 22, 2018, in Broward County, in the Southern District of Florida, the defendant,

**MACKENZIE DELMAS,**
a/k/a "Mac,"

did aid, abet, counsel, command, induce, procure, and willfully cause another person, that is S.M.H., in connection with the acquisition of firearms from Concealment Holsters & Firearms, Inc., a licensed firearms dealer, to knowingly make a false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale and other disposition of such firearms, in that, S.M.H. represented in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that she was the actual transferee/buyer of the firearms, when in truth and in fact, and as the defendant then and there well knew, S.M.H. was acquiring the firearms on behalf of the defendant **MACKENZIE DELMAS,** a/k/a "Mac," in

17

violation of Title 18, United States Code, Sections 922(a)(6) and 2.

It is further alleged that the firearms were:

i.    one (1) Taurus, Model G2C, 9 millimeter handgun, with serial number TLO57094 and

ii.   one (1) Ruger, Model EC9S, 9 millimeter handgun, with serial number 454-53100.

## COUNT 11
### Material False Statement to Firearms Dealer
### (18 U.S.C. § 922(a)(6))

1.    The allegations set forth in paragraphs 1 through 11 of the General Allegations section of this Fourth Superseding Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.    On or about September 8, 2018, in Palm Beach County, in the Southern District of Florida, the defendant,

### MACKENZIE DELMAS,
a/k/a "Mac,"

in connection with the acquisition of firearms from Concealment Holsters & Firearms, Inc., a licensed firearms dealer, did knowingly make a false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale and other disposition of such firearms, in that, Kourtney Nicholas Noel represented in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that he was the actual transferee/buyer of the firearms, when in truth and in fact, and as the defendant then and there well knew, Kourtney Nicholas Noel was acquiring the firearms on behalf of the defendant **MACKENZIE DELMAS,** a/k/a "Mac," in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

It is further alleged that the firearms were:

i.    one (1) Glock, Model 30, .45 ACP caliber handgun, with serial number CFM856US, and

ii.      one (1) Glock, Model 43, 9 millimeter handgun with serial number BHVE236.

## COUNT 12
### Material False Statement to Firearms Dealer
### (18 U.S.C. § 922(a)(6))

1.      The allegations set forth in paragraphs 1 through 11 of the General Allegations section of this Fourth Superseding Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.      On or about February 7, 2019, in Palm Beach County, in the Southern District of Florida, the defendants,

**MACKENZIE DELMAS,**
a/k/a "Mac,"
and
**SHALENA MARY HAYNES,**

did aid, abet, counsel, command, induce, procure, and willfully cause another person, that is William James Daly, in connection with the acquisition of firearms from Shoot Straight, a licensed firearms dealer, to knowingly make a false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale and other disposition of such firearms, in that William James Daly represented in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that he was the actual transferee/buyer of the firearms, when in truth and in fact, and as the defendants then and there well knew, William James Daly was acquiring the firearms on behalf of the defendants, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

It is further alleged that the firearms were:

i.      one (1) Glock, Model 43, 9 millimeter handgun, with serial number BHPS334 and

ii.      one (1) Springfield Armory, Model XD, 9 millimeter handgun, with serial number HD92537.

19

<u>COUNTS 13 - 21</u>
**Possession of Firearms by a Prohibited Person**
**(18 U.S.C. § 922(g)(1))**

On or about the dates specified in each count below, in Palm Beach County, in the Southern District of Florida, the defendant,

**MACKENZIE DELMAS,**
a/k/a "Mac,"

possessed firearms, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and did so knowingly, the firearms having affected interstate and foreign commerce, as specified in each count below:

| Count | Approximate Date | Firearms |
|-------|-----------------|----------|
| 13 | May 19, 2018 | One (1) Smith and Wesson, Model SD, .40 caliber handgun |
| 14 | July 3, 2018 | Six (6) Smith and Wesson, Model M&P, .40 caliber handguns, with serial numbers DSZ8978, DTC5948, MRJ2287, DVD6993, MRJ2867 and DSZ8987 |
| 15 | July 18, 2018 | Four (4) Taurus, Model G2C, 9 millimeter handguns, with serial numbers TLO62624, TLO79935, TLR64490 and TLR54952 |
| 16 | July 22, 2018 | Two (2) Taurus, Model G2C, 9 millimeter handguns, with serial numbers TLO59987 and TLP46189, two (2) Ruger, Model EC9S, 9 millimeter handguns, with serial numbers 454-69753 and 454-53037 and one (1) Taurus, Model PT709 Slim, 9 millimeter handgun with serial number TLM80303 |

| Count | Approximate Date | Firearms |
|-------|------------------|----------|
| 17 | July 31, 2018 | One (1) Taurus, Model G2C, 9 millimeter handgun, with serial number TLO57094 and one (1) Ruger, Model EC9S, 9 millimeter handgun, with serial number 454-53100 |
| 18 | Between in or around August 2018 and in or around September 2018, the exact date being unknown to the Grand Jury | One (1) Glock, Model 42, .380 caliber handgun with serial number AAWN082, one (1) Sig Sauer P220, .45 caliber handgun with serial number G508109 and one (1) Gemtech Blackside, .45 ACP caliber silencer, with serial number S13-66311 |
| 19 | September 8, 2018 | Two (2) Smith and Wesson, Model SD40VE, .40 caliber handguns with serial numbers FZX4728 and FZZ5842 and two (2) Smith and Wesson, Model SD9VE, 9 millimeter handguns with serial numbers FZU6442 and FZY1013 |
| 20 | September 15, 2018 | One (1) Glock, Model 30, .45 ACP caliber handgun, with serial number CFM856US, and one (1) Glock, Model 43, 9 millimeter handgun with serial number BHVE236 |
| 21 | February 27, 2019 | One (1) Glock, Model 43, 9 millimeter handgun, with serial number BHPS334 and one (1) Springfield Armory, Model XD, 9 millimeter handgun, with serial number HD92537 |

In violation of Title 18, United States Code, Sections 922(g)(1) and 2.

<u>**COUNT 22**</u>
**Possession and Distribution of a Control Substance**
**(21 U.S.C. § 841(a)(1))**

On or about June 26, 2018, in Palm Beach County, in the Southern District of Florida, the

defendant,

**MACKENZIE DELMAS,**
a/k/a "Mac,"

did knowingly and intentionally possess with intent to distribute, and distribute, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

### COUNT 23
**Possession and Distribution of a Control Substance**
**(21 U.S.C. § 841(a)(1))**

On or about June 28, 2018, in Palm Beach County, in the Southern District of Florida, the defendant,

**MACKENZIE DELMAS,**
a/k/a "Mac,"

did knowingly and intentionally possess with intent to distribute, and distribute, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

### COUNT 24
**Possession and Distribution of a Control Substance**
**(21 U.S.C. § 841(a)(1))**

On or about July 31, 2018, in Palm Beach County, in the Southern District of Florida, the defendant,

**MACKENZIE DELMAS,** a/k/a "Mac,"

did knowingly and intentionally possess with intent to distribute, and distribute, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States

22

Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

**COUNT 25**
**Distribution of a Control Substance**
**(21 U.S.C. § 841(a)(1))**

Between in or around August 2018 and in or around September 2018, the exact date being unknown to the Grand Jury, in the Southern District of Florida, the defendant,

**MACKENZIE DELMAS,**
a/k/a "Mac,"

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of Oxycodone, a Schedule II controlled substance.

**COUNT 26**
**Conspiracy to Distribute Controlled Substances**
**(21 U.S.C. § 846)**

In or around February 2019, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**MACKENZIE DELMAS,**
a/k/a "Mac,"
and
**SHALENA MARY HAYNES,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to possess with intent to distribute, and distribute a

23

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation

of Title 21, United States Code, Section 846.

It is further alleged that as to the defendant, **MACKENZIE DELMAS,** a/k/a "Mac," and

**SHALENA MARY HAYNES**, the controlled substance involved in the conspiracy attributable to

each defendant as a result of that defendant's own conduct, and the conduct of other conspirators

reasonably foreseeable to said defendant is:

(1) a mixture and substance containing a detectable amount of MDMA, a Schedule I

controlled substance, and Methamphetamine, a Schedule II controlled substance, in

violation of Title 21, United States Code, Section 841(b)(1)(C); and

(2) less than fifty (50) kilograms of marijuana, in violation of Title 21, United States Code,

Section 841(b)(1)(D).

## COUNT 27
### Possession with Intent to Distribute Control Substances
### (21 U.S.C. § 841(a)(1))

On or about February 27, 2019, in Palm Beach County, in the Southern District of Florida,

the defendants,

**MACKENZIE DELMAS,**
a/k/a "Mac,"
and
**SHALENA MARY HAYNES,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation

of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this

violation involved a mixture and substance containing a detectable amount of MDMA, a Schedule I

controlled substance, and Methamphetamine, a Schedule II controlled substance.

Pursuant to Title 21, United States Code, Section 841(b)(1)(D), it is further alleged that this

violation involved less than fifty (50) kilograms of marijuana, a Schedule I controlled substance.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Fourth Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which any of the defendants, **MACKENZIE DELMAS,** a/k/a "Mac," **ENZA ESPOSITO** and **SHALENA MARY HAYNES** have an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 922(a)(6) or any other criminal law of the United States, as alleged in this Fourth Superseding Indictment, the defendants **MACKENZIE DELMAS,** a/k/a "Mac," and **SHALENA MARY HAYNES** shall forfeit to the United States any firearm involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

3.      Upon conviction of any violation of Title 18, United States Code, Section 554, as alleged in this this Fourth Superseding Indictment, the defendants **MACKENZIE DELMAS,** a/k/a "Mac," **ENZA ESPOSITO** and **SHALENA MARY HAYNES**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

4.      Upon conviction of a violation of Title 21, United States Code, Section 841 or 846, as alleged in this Fourth Superseding Indictment, the defendants **MACKENZIE DELMAS,** a/k/a "Mac," and **SHALENA MARY HAYNES**, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

All pursuant to Title 18, United States Code, Sections 924(d)(1), 981(a)(1)(C), 982(a)(2)(B), 1028(b)(5), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

_____ for
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
ADAM MCMICHAEL
ASSISTANT UNITED STATES ATTORNEY

26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

v.

**Mackenzie Delmas, et al.,**

_____ **Defendant.** _____/

**CASE NO.** 19-CR-80045-RKA(s)(s)(s)(s) _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

| | | |
|---|---|---|
| New defendant(s) | Yes _____ | No ✓ |
| Number of new defendants | | |
| Total number of counts | | 27 |

**Court Division:** (Select One)

|  | Miami | | Key West | |
|---|---|---|---|---|
| | FTL | ✓ | WPB | FTP |

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No   ▼
   List language and/or dialect   _____

4. This case will take _14_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | | |
   |---|---|---|---|
   | I | 0 to 5 days | _____ | |
   | II | 6 to 10 days | _____ | |
   | III | 11 to 20 days | ✓ | |
   | IV | 21 to 60 days | _____ | |
   | V | 61 days and over | _____ | |

   (Check only one)

   | | | |
   |---|---|---|
   | Petty | _____ | |
   | Minor | _____ | |
   | Misdem. | _____ | |
   | Felony | ✓ | |

6. Has this case previously been filed in this District Court?   (Yes or No)   No _____
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   Yes _____
   If yes: Magistrate Case No.   19-8050-WM _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of   2/27/2019 _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No _____

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes _____   No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes _____   No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   Yes _____   No ✓

ADAM MCMICHAEL
ASSISTANT UNITED STATES ATTORNEY
FL Bar/Court I.D. No. 0772321

*Penalty Sheet(s) attached

REV 6/5/2020

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

## CASE NO.  19-CR-80045-RKA(s)(s)(s)(s)

**Defendants' Name:  MACKENZIE DELMAS,** a/k/a "Mac,"

| COUNTS | VIOLATION | U.S. CODE | MAX. PENALTY |
|--------|-----------|-----------|--------------|
| 1 | Conspiracy | 18 USC § 371 | 5 years' prison<br>$250,000 fine<br>3 years' supervised release<br>$100 special assessment |
| 2 | Smuggling Goods from the United States | 18 USC § 554(a) | 10 years' prison<br>$250,000 fine<br>3 years' supervised release<br>$100 special assessment |
| 3 - 12 | False Statement to FFL | 18 USC § 922(a)(6) | 10 years' prison<br>$250,000 fine<br>3 years' supervised release<br>$100 special assessment |
| 13 - 21 | Possession of a Firearm by a Prohibited Person – Convicted felon | 18 USC § 922(g)(1) | 10 years' prison<br>$250,000 fine<br>3 years' supervised release<br>$100 special assessment |
| 22 - 25 and 27 | Possession with Intent to Distribute and Distribution of Controlled Substances | 21 USC § 841(a)(1) | 20 years' prison,<br>$1,000,000 fine,<br>3 years' to life supervised release<br>$100 special assessment |
| 26 | Conspiracy to Possess with Intent to Distribute Controlled Substances | 21 USC § 846 | 20 years' prison,<br>$1,000,000 fine,<br>3 years' to life supervised release<br>$100 special assessment |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

### CASE NO.  19-CR-80045-RKA(s)(s)(s)(s)

Defendants' Name:   ENZA ESPOSITO

| COUNTS | VIOLATION | U.S. CODE | MAX. PENALTY |
|--------|-----------|-----------|--------------|
| 1 | Conspiracy | 18 USC § 371 | 5 years' prison<br>$250,000 fine<br>3 years' supervised release<br>$100 special assessment |
| 2 | Smuggling Goods from the United States | 18 USC § 554(a) | 10 years' prison<br>$250,000 fine<br>3 years' supervised release<br>$100 special assessment |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

### CASE NO.  19-CR-80045-RKA(s)(s)(s)(s)

**Defendants' Name:  SHALENA MARY HAYNES**

| COUNTS | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Conspiracy | 18 USC § 371 | 5 years' prison<br>$250,000 fine<br>3 years' supervised release<br>$100 special assessment |
| 2 | Smuggling Goods from the United States | 18 USC § 554(a) | 10 years' prison<br>$250,000 fine<br>3 years' supervised release<br>$100 special assessment |
| 12 | False Statement to FFL | 18 USC § 922(a)(6) | 10 years' prison<br>$250,000 fine<br>3 years' supervised release<br>$100 special assessment |
| 26 | Conspiracy to Possess with Intent to Distribute Controlled Substances | 21 USC § 846 | 20 years' prison,<br>$1,000,000 fine,<br>3 years' to life supervised release<br>$100 special assessment |
| 27 | Possession with Intent to Distribute Controlled Substances | 21 USC § 841(a)(1) | 20 years' prison,<br>$1,000,000 fine,<br>3 years' to life supervised release<br>$100 special assessment |